NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



APOLLO EDUCATION GROUP, INC.,
FKA Apollo Group, Inc.,

Plaintiff-Appellant,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a
Pennsylvania corporation,

Defendant-Appellee.

No.    17-17293

D.C. No. 2:15-cv-01948-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted April 8, 2019
Pasadena, California

Before:  PAEZ and CLIFTON, Circuit Judges, and KATZMANN,** Judge.

We address Apollo Education Group, Inc.'s ("Apollo") primary claim that

National Union Fire Insurance Company ("National Union") breached an insurance

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

contract settlement provision in a contemporaneously-filed order certifying a question of state law to the Supreme Court of Arizona. In this memorandum disposition, we affirm the U.S. District Court for the District of Arizona's ruling precluding Apollo from introducing in evidence documents covered by California's mediation privilege and the agreement between the parties governing the mediation ("Mediation Agreement").

At issue here is the scope of the mediation privilege in a suit arising between Apollo and its insurer, National Union, after Apollo settled with the lead plaintiff in a shareholder class action against it. After five years of litigation, Apollo, National Union, and the plaintiff agreed to mediation. Prior to mediation, Apollo and National Union signed the Mediation Agreement. The Mediation Agreement expressly adopted California Evidence Code §§ 1115–28; included a provision that "[n]o evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, the Mediation shall be admissible or subject to discovery"; and stated that to avoid any doubt, the parties could mark communication as "SUBJECT TO MEDIATION CONFIDENTIALITY AGREEMENT."

The language of the Mediation Agreement closely mirrors these sections of the California Evidence Code, which protect admissions, writings, communications, reports, and other information "prepared for the purpose of, in the course of, or pursuant to" mediation. Cal. Evid. Code § 1119(b). California's mediation privilege

2

is intended to encourage mediation by providing "broad protection for the confidentiality of communications exchanged in relation to that process, even where this protection may sometimes result in the unavailability of valuable civil evidence." *Cassel v. Superior Court*, 51 Cal. 4th 113, 136 (Cal. 2011). "[T]he mediation confidentiality statutes must be applied in strict accordance with their plain terms," with "[j]udicial construction, and judicially crafted exceptions, . . . permitted only where due process is implicated, or where literal construction would produce absurd results." *Id.* at 124.

Apollo settled with the shareholders through mediation, but National Union declined to consent to and thus fund the settlement. Apollo paid for the settlement out of pocket and then brought breach of contract and bad faith claims against National Union in district court. The district court ruled that Apollo was precluded from introducing three documents into evidence: (1) a memorandum sent by Apollo's attorney, Joseph E. Floren, to National Union that outlined Apollo's risk analysis of the shareholders' appeal ("Floren Memorandum"); (2) a letter from Apollo's attorney, Brian A. Herman, to National Union's attorney that provided an update on the status of the mediation process, including offers and counteroffers, and explained why Apollo believed the settlement offer was reasonable ("Herman Letter"); and (3) a letter from Apollo's appellate counsel, Linda Coberly, to Apollo's

in-house counsel that analyzed the shareholders' case on appeal and was sent to National Union's attorney during mediation ("Coberly Letter").

Apollo argues that the Floren Memorandum and Herman Letter could have been redacted to exclude privileged information. The Floren Memorandum, however, was marked "SUBJECT TO MEDIATION CONFIDENTIALITY AGREEMENT." The heading on the Herman Letter similarly states "Confidential Mediation Communication." Both were marked as privileged and thus were inadmissible under the plain language of the Mediation Agreement.

Apollo also contends that the district court erred by excluding the Coberly Letter because it was prepared outside the mediation context and does not reveal anything subject to the mediation privilege. The Coberly Letter, however, was enclosed with the Herman Letter, and the Herman Letter described the Coberly Letter as "highly confidential." The Coberly Letter was authored one day before the Herman Letter and describes the risks of the shareholders' appeal for Apollo; the Herman Letter then relies on this appellate risk analysis to argue that settlement was reasonable. Because the Coberly Letter was described as privileged, enclosed with a letter marked as covered by the mediation privilege, and, based on its contents,

clearly made "for the purpose of" mediation, the district court did not err in excluding it from evidence.[1]

Apollo further contends the documents it sought to admit fell within an exception to the mediation privilege contained in California Evidence Code § 1122(a)(2). That section excepts documents (1) "prepared by or on behalf of fewer than all the mediation participants"; (2) if "those participants expressly agree . . . to its disclosure"; and (3) the "document or writing does not disclose *anything said* or done or any admission made in the course of the mediation." *Id.* (emphasis added). Assuming the three documents prepared by Apollo's counsel satisfied the first two requirements, they fail to satisfy the third. The documents containing sensitive legal analyses "said" something made in the course of the mediation. That the documents were disclosed to participants on the same side of the mediation table is immaterial. *Cassel*, 51 Cal. 4th at 130–32; *see id.* at 128 n.7.

The district court also ruled that Apollo could not introduce into evidence the mediator's proposal, issued to the parties before settlement, because California

---

[1] The district court ruled that "[b]ut for the mediation and the desire to convince National Union to approve the settlement even though the amount exceeded the limit previously approved by National Union, it is highly unlikely Apollo would have forwarded such a highly-confidential letter to National Union." Apollo contends that the district court erred in using the "but for" standard as applied to sharing the document, rather than its creation. Even assuming arguendo error in that formulation, any error was harmless, as it seems quite clear that the Coberly Letter was created and then shared for the purpose of the mediation.

5

Evidence Code § 1121 precludes the court from considering "any report, assessment, evaluation, recommendation, or finding of any kind by the mediator."  The court also denied Apollo's request that the court determine when mediation began and ended, finding the request premature.

Apollo does not contest on appeal the district court's exclusion of the mediator's proposal and denial of the request for the court to determine the timeframe of the mediation.  Apollo does, however, raise a new argument: the fact that the settlement was reached only after the mediator issued a proposal should be admissible.  Because this argument was not raised below, it is waived.  *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).  Accordingly, we affirm the district court's order with regard to its conclusion that the Floren Memorandum, the Herman Letter, the Coberly Letter, and the mediator's proposal are inadmissible.

**AFFIRMED IN PART.**